1  HARRISON J. FRAHN IV (BAR NO. 206822)
   SIMPSON THACHER & BARTLETT LLP
2  2550 Hanover Street
   Palo Alto, CA 94304
3  Telephone: (650) 251-5000
   Facsimile: (650) 251-5002
4
   BRUCE D. ANGIOLILLO (*pro hac vice* application pending)
5  PAUL C. GLUCKOW (*pro hac vice* application pending)
   SIMPSON THACHER & BARTLETT LLP
6  425 Lexington Avenue
   New York, NY 10017-3954
7  Telephone: (212) 455-2000
   Facsimile:  (212) 455-2502
8
   *Attorneys for Blackhawk Parent LLC and*
9  *EOP Operating Limited Partnership*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WARREN E. SPIEKER, JR., DENNIS E. SINGLETON, JOHN K. FRENCH, BRUCE E. HOSFORD, BLAKE FAMILY TRUST, GREGG R. DAUGHERTY, JOHN G. DAVENPORT, JAMES C. EDDY, JOHN A. FOSTER, DONALD S. JEFFERSON, VINCENT D. MULROY, RICHARD L. ROMNEY, JILL T. SCHNUGG, PETER H. SCHNUGG, JOHN B. SOUTHER, JR., CRAIG G. VOUGHT and JOEL BENOLIEL,<br><br>       Plaintiffs/Petitioners,<br><br>       v.<br><br>BLACKHAWK PARENT LLC, a Delaware limited liability company, and EOP OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership,<br><br>       Defendants/Respondents. | Case No. C 07-03001-RMW<br><br>**DECLARATION OF STANLEY M. STEVENS**<br><br><br>Date:   August 10, 2007<br>Time:   9:00 A.M.<br>Judge:  Hon. Ronald M. Whyte |

DECLARATION OF STANLEY M. STEVENS                                           Case No. C 07-03001-RMW

I, Stanley M. Stevens, declare as follows:

1. I was Executive Vice President, Chief Legal Counsel and Secretary of Equity Office Properties Trust ("EOPT") during the time periods referenced herein. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify competently thereto.

2. Between July, 2, 2001 and February 9, 2007, when EOPT was acquired by Blackhawk Parent LLC ("Blackhawk"), an affiliate of The Blackstone Group ("Blackstone"), EOPT was the general partner of EOP Operating Limited Partnership ("EOP"), a Delaware limited partnership with its headquarters in Chicago, Illinois.

3. Beginning in late 2000, representatives of EOPT and Spieker Properties, Inc. ("Spieker Properties") began to discuss the combination of their companies and the combination of each company's operating partnerships – EOP and Spieker Properties, L.P., respectively.

4. In late February 2001, representatives of Spieker Properties (including Petitioner Craig Vought, then the Co-Chief Executive Officer of Spieker Properties, Inc.), EOPT (including myself), Goldman Sachs (financial advisor to Spieker Properties), Morgan Stanley & Co. (financial advisor to EOPT), Sullivan & Cromwell (outside legal counsel to Spieker properties), and Hogan & Hartson LLP (outside legal counsel to EOPT) met in Hogan & Hartson's New York offices to negotiate a merger agreement between EOPT and Spieker Properties (the "Spieker Merger Agreement") and other related agreements.

5. After several days of negotiations in New York, New York, Spieker Properties and EOPT executed the Spieker Merger Agreement in New York, New York on February 22, 2001.

6. The Third Amended and Restated Agreement of Limited Partnership of EOP (the "EOP Partnership Agreement") includes as Exhibit E-9 what Respondents refer to as the tax protection agreement or "TPA." The terms of the TPA were negotiated in New York, New York during February 2001.

DECLARATION OF STANLEY M. STEVENS                             Case No. C 07-03001-RMW
- 2 -

7. I executed the EOP Partnership Agreement and the TPA on behalf of EOP and its general and limited partners, including EOPT and Petitioners, in Chicago, Illinois on July 2, 2001.

8. On November 19, 2006, affiliates of Blackstone and EOPT entered into an agreement (the "Blackstone Merger Agreement") whereby Blackstone agreed to acquire all of the common shares of EOPT.

9. The Blackstone Merger Agreement contemplated that Blackhawk Acquisition, L.P., a Blackstone affiliate, would merge into EOP, which would survive the transaction, and Blackhawk would acquire EOPT and become EOP's general partner.

10. In advance of the Blackstone/EOPT merger, the limited partners of EOP were given the right to choose to remain limited partners of EOP after the merger, or in the alternative, to exchange their partnership units for cash consideration.

11. On February 9, 2007, the transaction closed as contemplated by the Blackstone Merger Agreement. The EOP limited partners who elected not to remain limited partners of EOP received cash consideration for their partnership units.

12. Petitioners each chose to receive cash consideration for their EOP partnership units instead of remaining limited partners in EOP.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of July, 2007 in Chicago, Illinois.

          /s/ Stanley M. Stevens  
     Stanley M. Stevens