Michael H. Steinberg (CSB 134179)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:   (310) 712-6600
Facsimile:   (310) 712-8800

Christopher R. Edgar (CSB 229771)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:   (650) 461-5600
Facsimile:   (650) 461-5700

*Attorneys for Plaintiffs/Petitioners Joel Benoliel, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL BENOLIEL, GREGG R. DAUGHERTY, BRUCE E. HOSFORD and DONALD S. JEFFERSON, <br><br> Plaintiffs/Petitioners, <br><br> v. <br><br> BLACKHAWK PARENT LLC, a Delaware limited liability corporation, and EOP OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership, <br><br> Defendants/Respondents. | Case No. C 07-03001 RMW <br><br> **DECLARATION OF WARREN E. SPIEKER, JR. IN SUPPORT OF FIRST AMENDED PETITION TO <u>COMPEL ARBITRATION</u>** |

I, Warren E. Spieker, Jr., declare as follows:

1. I make this declaration in support of Plaintiffs/Petitioners Joel Benoliel, Gregg R. Daugherty, Bruce E. Hosford and Donald S. Jefferson's (collectively "Petitioners") First Amended Petition to Compel Arbitration. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Prior to July 2, 2001, Petitioners were limited partners of Spieker Properties, L.P. ("Spieker Properties"), a California limited partnership with its headquarters in Menlo Park, California. Spieker Properties owned and operated office and industrial real estate located in California, Oregon and Washington (the "Protected Properties"). At the time of the merger, I was the Chairman of the Board of Spieker Properties.

3. On July 2, 2001, Spieker Properties merged with and into EOP Operating Limited Partnership ("EOP"). During the negotiations leading to the EOP/Spieker Properties merger, the parties to the merger held multiple meetings in California, and representatives of EOP extensively communicated via telephone, facsimile and e-mail with representatives of Spieker Properties who were situated in California.

4. Under the merger agreement governing the EOP/Spieker Properties merger, EOP acquired the properties previously held by Spieker Properties, and Petitioners became limited partners of EOP. EOP issued each Petitioner a number of "Partnership Units" corresponding to the size of that Petitioner's former partnership interest in Spieker Properties. Because Spieker Properties' business was to own and operate commercial properties, each Partnership Unit constituted a share of the profits realized from the ownership and operation of Spieker Properties' real estate.

5. Because Petitioners would no longer be in a position to control the disposition of the properties now held by EOP (and, thus, no longer control the timing of any taxes due on sales of the properties), we insisted that EOP agree to indemnify Petitioners for certain tax obligations Petitioners might incur due to the sale or other disposition of the Protected Properties within a specified time period. EOP and Spieker Properties memorialized this agreement in the Tax Protection Agreement (the "Protection Agreement").

6. I understand that, on February 9, 2007, EOP and its general partner, Equity Office Properties Trust ("EOP Trust"), completed a merger with Blackhawk Acquisition, L.P. ("Blackhawk Acquisition"); Blackhawk Acquisition Trust ("Blackhawk Trust"); and Blackhawk Parent LLC ("Blackhawk Parent"). Blackhawk Acquisition, Blackhawk Trust and Blackhawk Parent are affiliates of Blackstone Real Estate Partners, which is an affiliate of Blackstone. I further understand that, pursuant to the merger agreement governing the EOP/Blackstone merger, Blackhawk Acquisition merged with and into EOP, and EOP Trust merged with and into Blackhawk Trust, and that Blackhawk Parent became the general partner of EOP.

7. As a result of the EOP/Blackstone merger, Petitioners' Partnership Units — Petitioners' interests in the profits realized from the ownership and operation of the former Spieker Properties real estate — were converted into the right to receive $55.50 per unit in cash.

8. Attached as Exhibit A is a true and correct copy of the Tax Protection Agreement dated as of July 2, 2001 between Petitioners and EOP.

9. Attached as Exhibit B is a true and correct copy of a letter dated January 23, 2007 from myself to Frank Cohen of Blackhawk Parent.

10. Attached as Exhibit C is a true and correct copy of a letter dated January 30, 2007 from Mr. Cohen to me.

11. Attached as Exhibit D is a true and correct copy of a letter dated February 13, 2007 from myself to Mr. Cohen.

12. Attached as Exhibit E is a true and correct copy of a letter dated March 12, 2007 from myself to Mr. Cohen.

13. Attached as Exhibit F is a true and correct copy of a letter dated March 15, 2007 from Bruce D. Angiolillo, Esq. to me.

//
//

1  //
2  //
3      I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct to the best of my knowledge.
5
6  Dated: June 7, 2007
7      Menlo Park, California
8                                        Warren E. Spieker, Jr.