# Exhibit D

# BLACKHAWK PARENT LLC

<u>VIA FEDERAL EXPRESS</u>                                     January 30, 2007

                    Re:    <u>Spieker Tax Protection Agreements</u>

Joel Benoliel
510 Lake Street South, B303
Kirkland, WA 98033

Dear Mr. Benoliel:

    Blackhawk Parent LLC has received your letter dated January 24, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

    Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

    Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

    The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

    We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to receive Class H preferred units in the Partnership in lieu of the cash consideration. In

Joel Benoliel                                -2-                         January 30, 2007

addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc:   Gregory J. Ressa, Simpson Thacher & Bartlett LLP
      Brian M. Stadler, Simpson Thacher & Bartlett LLP

      Stanley M. Stevens, Equity Office Properties Trust
      Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>             January 30, 2007

                    Re:   <u>Spieker Tax Protection Agreements</u>

John G. Davenport
Davenport Partners
2600 Bayshore Drive
Newport Beach, CA 92663

Dear Mr. Davenport:

    Blackhawk Parent LLC has received your letter dated January 25, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

    Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

    Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

    The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

    We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to

John G. Davenport                          -2-                          January 30, 2007

receive Class H preferred units in the Partnership in lieu of the cash consideration. In addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc:   Gregory J. Ressa, Simpson Thacher & Bartlett LLP
      Brian M. Stadler, Simpson Thacher & Bartlett LLP

      Stanley M. Stevens, Equity Office Properties Trust
      Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>                January 30, 2007

      Re: <u>Spieker Tax Protection Agreements</u>

John K. French
35 Hidden Valley Lane
Woodside, CA 94062

Dear Mr. French:

  Blackhawk Parent LLC has received your letter dated January 24, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

  Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

  Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

  The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

  We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to receive Class H preferred units in the Partnership in lieu of the cash consideration. In

John K. French -2- January 30, 2007

addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc: Gregory J. Ressa, Simpson Thacher & Bartlett LLP
    Brian M. Stadler, Simpson Thacher & Bartlett LLP

    Stanley M. Stevens, Equity Office Properties Trust
    Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FEDERAL EXPRESS</u>                                              January 30, 2007

                Re:    <u>Spieker Tax Protection Agreements</u>

Richard L. Romney
6266 Avenida Loma De Ora
P.O. Box 3483
Rancho Santa Fe, CA 92067

Dear Mr. Romney:

    Blackhawk Parent LLC has received your letter dated January 31, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

    Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

    Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

    The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

    We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to

Richard L. Romney                           -2-                              January 30, 2007

receive Class H preferred units in the Partnership in lieu of the cash consideration. In addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc: Gregory J. Ressa, Simpson Thacher & Bartlett LLP
    Brian M. Stadler, Simpson Thacher & Bartlett LLP

    Stanley M. Stevens, Equity Office Properties Trust
    Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>                January 30, 2007

Re:   <u>Spieker Tax Protection Agreements</u>

Dennis E. Singleton
138 Isabella Avenue
Atherton, CA 94027-4034

Dear Mr. Singleton:

Blackhawk Parent LLC has received your letter dated January 24, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to receive Class H preferred units in the Partnership in lieu of the cash consideration. In

Dennis E. Singleton  -2-  January 30, 2007

addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc:  Gregory J. Ressa, Simpson Thacher & Bartlett LLP
     Brian M. Stadler, Simpson Thacher & Bartlett LLP

     Stanley M. Stevens, Equity Office Properties Trust
     Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>                                  January 30, 2007

Re:     Spieker Tax Protection Agreements

John B. Souther, Jr.
19412 Green Lakes Lp.
Bend, OR 97702

Dear Mr. Souther:

Blackhawk Parent LLC has received your letter dated January 25, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to receive Class H preferred units in the Partnership in lieu of the cash consideration. In

John B. Souther, Jr.            -2-            January 30, 2007

addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc: Gregory J. Ressa, Simpson Thacher & Bartlett LLP
Brian M. Stadler, Simpson Thacher & Bartlett LLP

Stanley M. Stevens, Equity Office Properties Trust
Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>                    January 30, 2007

Re:     <u>Spieker Tax Protection Agreements</u>

The Blake Family Trust
c/o Bradley N. Blake
3065 Oakraider Drive
Alamo, CA 94507

Dear Mr. Blake:

Blackhawk Parent LLC has received your letter dated January 23, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to

Bradley N. Blake      -2-      January 30, 2007

receive Class H preferred units in the Partnership in lieu of the cash consideration. In addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

   If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

                Very truly yours,

                Frank Cohen

cc: Gregory J. Ressa, Simpson Thacher & Bartlett LLP
   Brian M. Stadler, Simpson Thacher & Bartlett LLP

   Stanley M. Stevens, Equity Office Properties Trust
   Imad Qasim, Sidley Austin LLP

# BLACKHAWK PARENT LLC

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>          January 30, 2007

              Re:   Spieker Tax Protection Agreements

Warren E. Spieker, Jr.
2180 Sand Hill Road, Suite 100
Menlo Park, CA 94025

Dear Mr. Spieker:

      Blackhawk Parent LLC has received your letter dated January 23, 2007 (your "*Letter*") with respect to your tax protection agreement (the "*Tax Protect Agreement*") between you and EOP Operating Limited Partnership ("*EOP*") referenced therein.

      Your Letter asserts that "upon the receipt of cash consideration in exchange for all Class A units of limited partner interest in EOP that I hold, the obligations under Section 2(c) of the tax protection agreement executed in my favor will be triggered." That is not correct.

      Pursuant to our merger agreement, Blackhawk Acquisition L.P., a Delaware limited partnership will merge with and into EOP, with EOP surviving the merger (the "*Partnership Merger*"). The Tax Protect Agreement restricts the direct or indirect sale, exchange or other disposition of properties subject to the Tax Protect Agreement. It does not restrict EOP from completing a merger, especially one in which it is the surviving entity.

      The Partnership Merger does not constitute a direct or indirect sale, exchange or other disposition of any properties. Both immediately before and after the Partnership Merger, the properties subject to the Tax Protect Agreement will continue to be owned by EOP. Accordingly, no indemnification is due under Section 2(c) of the Agreement.

      We would also like to remind you that, as detailed in the Confidential Election Memorandum, dated January 8, 2007 (and in the subsequent letter sent on or about January 25, 2007), in the Partnership Merger, you will be entitled to receive, for each of your Class A Units, $54.00 in cash, without interest and less applicable withholding taxes. Alternatively, in lieu of the cash consideration, if you are a qualified holder and you timely deliver a properly completed and executed Election Form, accompanied by all necessary attachments, that is not revoked, you may elect to receive for each of your existing units one Class H preferred unit in the Partnership. We urge you to read the Confidential Election Memorandum, including all appendices and exhibits, which are an integral part of the Confidential Election Memorandum, in their entirety prior to deciding whether to elect to receive Class H preferred units in the Partnership in lieu of the cash consideration. In

Warren E. Spieker, Jr.     -2-     January 30, 2007

addition, please refer to the letter from Equity Office dated January 23, 2007 regarding your opportunity to execute a replacement guarantee. As highlighted in the Confidential Election Memorandum and subsequent letters, the election deadline is 11:00 a.m. Eastern Standard Time, February 2, 2007 (the "*Election Deadline*"). This is the deadline for submitting your properly completed and executed Election Form (which may be delivered by fax) in accordance with the instructions contained in the Election Form Package you received along with your Confidential Election Memorandum.

If you would like further information regarding the structure of the Transaction, please refer to EOP's merger proxy statement and related supplement filed with the Securities and Exchange Commission relating to the Transaction.

Very truly yours,

Frank Cohen

cc:     Gregory J. Ressa, Simpson Thacher & Bartlett LLP
Brian M. Stadler, Simpson Thacher & Bartlett LLP

Stanley M. Stevens, Equity Office Properties Trust
Imad Qasim, Sidley Austin LLP